UNITED STATES DISTRICT COURT       O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DANIEL GARCIA, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. M-12-110 |
| § | |
| WAL-MART STORES TEXAS, L.L.C., § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is the "Motion for Summary Judgment"[1] filed by Defendant Wal-Mart Stores Texas ("Wal-Mart"), the "Unopposed Motion to Extend Time to Respond"[2] ("Motion to Extend") filed by Plaintiff Daniel Garcia ("Garcia"), as well as several related filings. After considering the motions, related filings and relevant authorities, the Court **GRANTS** both motions.

### I. Background

On February 8, 2012, Plaintiff Daniel Garcia ("Garcia") filed suit against Wal-Mart in state court alleging he tripped over a merchandise-stocking pallet while on the premises of a Wal-Mart store.[3] In his state-court petition, Garcia asserts claims based on negligence and premises liability, specifically that Wal-Mart breached its duty of care regarding an unreasonably dangerous condition by failing to make the condition safe or to warn Garcia of the condition.[4] On

---

[1] Dkt. No. 10.
[2] Dkt. No. 16. The Court notes that this filing is the latest variant of three filings, all of which assert a request for the same relief, which is an extension of the time within which to respond to Wal-Mart's motion for summary judgment.
[3] Dkt. No. 1, Attach. 1.
[4] Dkt. No. 1, Attach. 1 at p. 2.

March 22, 2012, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.[5]

Wal-Mart filed this motion for summary judgment, asserting that summary judgment is appropriate because there is no genuine issue of material fact concerning Garcia's claims.[6] Garcia subsequently filed the motion to extend, as well as a response to the motion for summary judgment.[7] On September 7, 2012, Wal-Mart filed its reply to Garcia's response.[8]

## II. Motion to Extend Response Time

As an initial matter, the Court first addresses the motion to extend, in which Garcia requests additional time to file a response to the motion for summary judgment.[9] In the motion to extend, Garcia represents that the failure to respond was due to a good-faith, clerical error, specifically a failure to properly calendar the correct response date.[10] Additionally, Garcia asserts that Wal-Mart will not be prejudiced by the Court extending the response time, which is supported by both the lack of opposition to the motion to extend, as well as by Wal-Mart's subsequent reply. As a result of those considerations, the Court **GRANTS** the motion to extend, and considers the contemporaneously-filed response, as well as Wal-Mart's reply thereto, in its analysis of the motion for summary judgment.

## III. Legal Standard

### A. *Summary Judgment Standard*

In a summary judgment analysis under Federal Rule of Civil Procedure 56, the Court considers evidence from the entire record, and views that evidence in the light most favorable to

---

[5] Dkt. No. 1 at p. 2.
[6] Dkt. No. 10.
[7] Dkt. Nos. 16 ("Motion to Extend") & 17 ("Response").
[8] Dkt. No. 18 ("Reply").
[9] Motion to Extend at p. 3.
[10] Motion to Extend at p. 3.

the non-movant.[11] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[12]

Viewing the evidence in that manner, summary judgment is proper where two conditions are met: first, the movant must show that the evidence presents no genuine issues of material fact and, second, the movant is entitled to a judgment as a matter of law.[13] In the context of the first criteria, a fact is "material" if its resolution could affect the outcome of the action,[14] while a "genuine" issue is present "only if a reasonable jury could return a verdict for the non-movant."[15] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[16]

The movant bears the initial burden of showing the absence of a genuine issue of material fact.[17] In this showing, "bald assertions of ultimate fact" are insufficient.[18] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[19] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[20]

---

[11] *See* Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000); *see also* FED. R. CIV. P. 56.
[12] *See id.*
[13] *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
[14] Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc., 482 F.3d 408, 411 (5th Cir. 2007).
[15] Fordoche, Inc. v. Texaco, Inc., 463 F.3d 388, 392 (5th Cir. 2006).
[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[17] *See Celotex Corp.*, 477 U.S. at 323.
[18] Gossett v. Du-Ra-Kel Corp., 569 F.2d 869, 872 (5th Cir. 1978).
[19] *See Celotex Corp.*, 477 U.S. at 323.
[20] *See id.* at 323-25; *see also* Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 718-19 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[21] This demonstration must specifically indicate facts and their significance,[22] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[23] A full trial on the merits is warranted "only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[24]

### B. Summary Judgment Evidence

In support of its motion for summary judgment, Wal-Mart has attached: (1) a copy of Garcia's responses to Wal-Mart's requests for admissions ("Requests for Admissions");[25] (2) a digital video disc containing surveillance footage of the incident ("Surveillance Video");[26] and (3) an affidavit by Gustavo Gomez ("Gomez Affidavit"),[27] the Asset Protection Manager responsible for maintaining the video recording equipment and producing video records of safety incidents.[28]

In his response opposing summary judgment, Garcia provides: (1) a copy of Wal-Mart's policies and procedures in digital format, and specifically includes copies of Wal-Mart's "Safety Toolkits ("Policies and Procedures");[29] and (2) the affidavit of Holly Nieto, Garcia's attorney ("Nieto Affidavit"),[30] which sets forth Garcia's bases for requesting additional discovery prior to the Court's consideration of the motion for summary judgment.

---

[21] *See id.*
[22] *See* Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).
[23] U.S. ex rel. Farmer v. City of Houston, 523 F.3d 333, 337 (5th Cir. 2008) (citing TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002)).
[24] *Transamerica Ins. Co.*, 66 F.3d 715, 719 (5th Cir. 1998).
[25] Dkt. No. 10, Attach. 1 ("Requests for Admissions").
[26] Dkt. No. 10, Attach. 2 ("Surveillance Video").
[27] Dkt. No. 10, Attach. 3 ("Gomez Affidavit").
[28] Gomez Affidavit at ¶¶ 3 & 4.
[29] Dkt. No. 17, Attach. 1 at pp. 9-21.
[30] Dkt. No. 17, Attach. 1 at pp. 6-7 ("Nieto Affidavit").

Although neither party disputes the validity of the evidence, the Court briefly examines the competency of those evidentiary sources, before considering how the evidence bears on the analysis. Under Federal Rule of Civil Procedure 56(c), an affidavit or declaration serving as summary judgment evidence "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[31] The Rule 56(c) requirements are met by both the Gomez and Nieto Affidavits, and the Court therefore finds those affidavits to be competent sources of summary judgment evidence.[32]

In turn, the Gomez Affidavit describes the manner in which the surveillance video was produced. Particularly it states: the video was produced using a Berrint video recording system that was functioning properly at the time of the recording; the video provides a view of the Garden Center of the Wal-Mart store on October 18, 2011, between the hours of 8:59:59 p.m. and 10:59:59 p.m.; and the video is authentic and was not altered.[33]

The validity and competency of this evidence is uncontroverted. With the above summary judgment evidence, the Court now turns to its consideration of the parties' motions and responses.

IV. Analysis

   A. *Request for Continuance*

The Court first considers Garcia's argument that the Court should deny the motion for summary judgment because an inadequate time has passed for discovery.[34] Although Garcia cites

---

[31] FED. R. CIV. P. 56(c)(4); Beijing Metals & Minerals Import/Export Corp. v. American Bus. Ctr., Inc., 993 F.2d 1178, 1182 (5th Cir. 1993).
[32] *See* Gomez Affidavit at ¶ 1 (attesting to personal knowledge, mental competency); *see also* Nieto Affidavit at p. 1 (attesting to personal knowledge, mental competency).
[33] Gomez Affidavit at ¶¶ 5, 7, 8, & 9.
[34] Response at ¶ 13.

to Texas Rule of Civil Procedure 166(a)(1) as the pertinent authority, it is actually Federal Rule of Civil Procedure 56 which provides the procedural guidelines for the Court.[35] Rule 56(d) provides courts with discretion to defer ruling on a motion for summary judgment or to allow a nonmoving party additional time to obtain further discovery.[36] In order to obtain such relief, however, the nonmovant must show "by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition."[37] Although the Nieto Affidavit is formal satisfaction of this requirement, it fails to specifically set forth why he has not conducted the discovery or "how additional discovery will create a genuine issue of material fact."[38] Garcia broadly asserts prematurity as a basis for denial, arguing that discovery has not provided him with an adequate time to obtain evidence to prevent summary judgment.[39]

The Nieto Affidavit does not offer "specified reasons" for Garcia's failure to adduce facts to support his claim, except to cite a January-4th discovery deadline.[40] That deadline is incorrect as October 19, 2012 is the deadline for discovery in this case.[41] In response, Wal-Mart argues that, as a practical matter, an adequate time for discovery has passed. Indeed, Garcia had 71 days between the oral pronouncement of the pretrial scheduling order and Wal-Mart's filing of the motion for summary judgment in which to engage in discovery;[42] additionally, Garcia had the 21 days between the date of that filing and the deadline for responding, which was extended by an additional nine days by Garcia's delayed filing on August 31, 2012.[43] The Court further notes that the discovery deadline in this case was October 19, 2012, a date much closer to the date the

---

[35] FED. R. CIV. P. 56.
[36] FED. R. CIV. P. 56(d).
[37] *Id*.
[38] Canady v. Bossier Parish Sch. Bd., 240 F.3d 437, 448 (5th Cir. 2001) (citing Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1395 (5th Cir. 1994)).
[39] Response at ¶ 13 & Attach. 1.
[40] *See* fn. 44, *infra*.
[41] Dkt. No. 9.
[42] *See* Minute Entry for May 22, 2012, Initial Pretrial Conference & Dkt. No. 10.
[43] *See* Dkt. No. 17.

motion for summary judgment was filed than the January 4, 2013 deadline described in the response and Neito Affidavit.[44] In sum, Garcia has had ample time to conduct discovery in response to the motion, and he proffers no explanation why he failed to do so.

In addition to providing no "specified reasons" for why he failed to timely gather evidence in response to the motion, the Court finds that the evidence sought by Garcia would not prevent summary judgment even if discovered. Relief under Rule 56(d) is not warranted if either (1) the proffered basis does not present a reasonable likelihood that further discovery would not produce evidence creating a fact issue,[45] or (2) such evidence would not create fact issues for each essential element of the nonmovant's claim.[46] Here, the asserted discovery grounds fail to create any likelihood of further evidence that would create a fact issue as to each essential element. As detailed more fully below, the summary judgment evidence contains a surveillance video which, as a matter of law, precludes the possibility that the additional discovery would create a fact issue regarding the unreasonably dangerous condition. Garcia does not challenge the validity or accuracy of the surveillance video, and even relies upon that video as summary judgment evidence.

Therefore, due to Garcia's failure to provide an adequate proffer of diligence in completing discovery, as well as the non-likelihood that the asserted discovery would create a fact issue preventing summary judgment, the Court **DENIES** Garcia's request for continuance.

---

[44] Inexplicably, the Nieto Affidavit states: "January 4, 2013 is the deadline for the Plaintiff to take these depositions that are needed to respond to the Defendant Motion for Summary Judgment." Not only is that date well after the discovery deadline in the pretrial order, it is even after the deadline for submission of the joint pretrial order.

[45] Beverly v. Wal-Mart Stores, Inc., 428 F.App'x 449, 451 (5th Cir. 2011) ("If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion.") (quoting Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993)).

[46] See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's cause necessarily renders all other facts immaterial.").

### B. Applicable Texas Law

This Court's jurisdiction is invoked on the basis of diversity of citizenship.[47] This Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[48] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[49]

Under Texas law, a premises-liability claim is first analyzed by determining the duty of care, if any, that the defendant owed to the plaintiff.[50] In turn, the scope of that duty depends on the status of the plaintiff at the time of the incident.[51] In this case, both parties agree that Garcia's legal status at the time of the accident was that of an invitee, that is "a person who enters the premises of another at the express or implied invitation from the owner or occupier for their mutual benefit."[52] Although the owner or operator of a premises owes the highest degree of care to an invitee,[53] the owner or operator is nonetheless not "an insurer of the invitee's safety."[54] Specifically, merchants in Texas owe invitees a duty to exercise reasonable care to protect them from dangerous conditions that are either known to the merchant, or reasonably discoverable.[55]

---

[47] Dkt. No. 1 at p. 2.
[48] *See* Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
[49] *Id*. (quoting West v. AT&T, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[50] *See* Richardson v. Wal-Mart Stores, Inc., 963 S.W.2d 162, 164 (Tex. App.—Texarkana 1998, no writ) (holding that premises liability "depends on the scope of the defendant's duty of care toward the plaintiff . . . ."), citing Thacker v. J .C. Penney Co., 254 F.2d 672, 676 (5th Cir.), *cert. denied*, 358 U.S. 820, 79 S.Ct. 31, 3 L.Ed.2d 61 (1958).
[51] *See* Blackard v. Fairview Farms Land Co., 346 S.W.3d 861, 868 (Tex. App.—Dallas 2011, no pet.) (citing Western Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005)). *See also* Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 295-96 (Tex. 1983).
[52] Lacy v. Rusk State Hosp., 31 S.W.3d 625, 630 (Tex. App.—Tyler 2000, no pet.) (citing Peerenboom v. HSP Foods, Inc., 910 S.W.2d 156, 161 (Tex. App.—Waco 1995, no writ)).
[53] Knorpp v. Hale, 981 S.W.2d 469, 471 (Tex. App.—Texarkana 1998, no pet.)
[54] Wal–Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998) (citing McElhenny v. Thielepape, 155 Tex. 319, 285 S.W.2d 940, 941 (Tex. 1956)).
[55] *See* Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).

In order to prevail on his premises-liability claim as an invitee, Garcia must prove the following elements: (1) Actual or constructive knowledge of some condition on the premises by Wal-Mart; (2) that the condition posed an unreasonable risk of harm; (3) that Wal-Mart did not exercise reasonable care to reduce or eliminate the risk; and (4) that Wal-Mart's failure to use such care proximately caused the plaintiff's injuries.[56] In the motion for summary judgment, Wal-Mart contends that summary judgment is appropriate because Garcia has failed to adduce evidence of the first two elements, Wal-Mart's actual or constructive knowledge of the condition or the existence of an unreasonably-dangerous condition.

In light of the summary judgment standard discussed above, summary judgment is appropriate if there is not a genuine issue of material fact as to either of the first two elements. As a practical matter, the Court must first determine what, if anything, in the record amounts to a dangerous condition, before considering whether Wal-Mart had knowledge of a dangerous condition. Therefore, the Court first examines the second element: the existence of an unreasonably dangerous condition.

### C. Unreasonably Dangerous Condition

Both parties acknowledge that a condition poses an unreasonable risk of harm if "there is such a probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen."[57] A danger is reasonably foreseeable if "the injury is of the type that 'might reasonably have been anticipated.'"[58]

---

[56] *See* Sipes v. Wal-Mart Stores, Inc., 263 F.3d 161 (5th Cir. 2001) (citing Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998)). *See also* CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000).

[57] County of Cameron v. Brown, 80 S.W .3d 549, 556 (Tex. 2002). *See also* Knox v. Fiesta Mart, Inc., 01-09-01060-CV, 2011 WL 1587362 (Tex. App.—Hous. [1st Dist.] Apr. 21, 2011) (quotations and citations omitted). *See* Motion at ¶ 9 & Response at ¶ 15.

[58] Reliable Consultants, Inc. v. Jaquez, 25 S.W.3d 336, 343 (Tex. App.—Austin 2000, pet. denied) (quoting Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 551 (Tex. 1985)).

In support of the motion for summary judgment, Wal-Mart directs the Court to several cases for the proposition that Garcia's evidence regarding the danger posed by the pallet is insufficient to sustain the claim. In *H.E. Butt Grocery Co. v. Resendez*, the Texas Supreme Court considered a premises-liability claim in which a grape sampling display was alleged as the unreasonably dangerous condition.[59] The *Resendez* Court held that, as a matter of law, "the mere fact that a store has a customer sampling display cannot, *without more*, be evidence of a condition on the premises that poses an unreasonable risk of harm."[60]

In illustrating the requisite "more" that would give rise to an unreasonably dangerous condition, the *Resendez* Court distinguished its prior decision in *Corbin v. Safeway Stores, Inc.*, in which "[i]t was the manner in which Safeway displayed the grapes—in a slanted bin over a linoleum tile floor with no protective floor mat—that created an unreasonable risk of customer falls from grapes falling on the floor."[61] In contrast, the *Resendez* Court held that the facts before it presented "no evidence that the manner of display created an unreasonable risk."[62]

In a later decision considering whether a soft-drink dispenser amounted to an unreasonably dangerous condition, *Brookshire Grocery Co. v. Taylor*, the Texas Supreme Court expounded on its reasoning in *Resendez* and its distinction with *Corbin*.[63] Describing *Corbin* as "[a]n exceptional case," the *Taylor* Court wrote: "What made the situation in *Corbin* different from *Resendez* was that because [sic] the store in *Corbin* admitted there was an 'unusually high risk associated with its grape display,'" which allowed a jury-finding of a dangerous condition.[64] The *Taylor* Court went on to hold that the dispenser at issue was not an unreasonably dangerous

---

[59] 988 S.W.2d 218 (Tex. 1999) (per curiam).
[60] *Resendez*, 988 S.W.2d at 219 (emphasis added).
[61] *Id.* (citing Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)).
[62] *Id.*
[63] 222 S.W.3d 406 (Tex. 2006).
[64] *Taylor*, 222 S.W.3d at 408.

condition because there was no evidence it posed "a greater danger than one would ordinarily encounter with such dispensers."[65]

The cases above make clear that, in Texas, the mere *existence* of the pallet is insufficient to create an unreasonably dangerous condition; instead, the pallet must present an unreasonable risk of harm by itself or, alternatively, in conjunction with something more. As such, the Court first examines whether Garcia has adduced sufficient evidence that the pallet itself posed a greater danger than one would ordinarily encounter with such pallet.

i. Whether Pallet Was Unreasonably Dangerous

Garcia correctly points out that, in *Seideneck v. Cal Bayreuther Associates*, the Texas Supreme Court spoke to a lack of any "definitive, objective test" for determining whether a condition is unreasonably dangerous.[66] However, this has not precluded Texas courts from determining that certain conditions are not unreasonably dangerous as a matter of law,[67] or from establishing the evidentiary insufficiency of an unreasonably dangerous condition for summary judgment purposes.[68] The *Seideneck* Court itself looked to evidence of several factors, including that the condition caused similar injury during its existence,[69] that the condition was the result of a defect in the object creating the condition,[70] that the object creating the condition was unusual,[71] and that the "particular construction and placement would have served as a suggestion

---

[65] *Taylor*, 222 S.W.3d at 408.
[66] *See* Response at p. 11 (quoting Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752, 754 (Tex. 1970)).
[67] *See Seideneck*, 451 S.W.2d at 754 (holding that rug was not a dangerous condition as a matter of law); *see also Resendez*, 988 S.W.2d at 219 (Tex. 1999) (per curiam) (concluding as matter of law that mere existence of store's grape-sampling display, without more, was not evidence of premises condition posing unreasonable risk of harm); Brinson Ford, Inc. v. Alger, 228 S.W.3d 161, 163 (Tex. 2007) (holding that ramp did not pose an unreasonable risk of harm as a matter of law).
[68] *See, e.g.*, Knox v. Fiesta Mart, Inc., 2011 WL 1587362 (Tex. App.—Hous. [1st Dist.] Apr. 21, 2011).
[69] *Seideneck*, 451 S.W.2d at 754 (noting lack of evidence that anyone had previously tripped on the rug).
[70] *Id*. (noting lack of evidence that the rug was defective).
[71] *Id*. (noting that object did not have unusual characteristics).

or warning to the defendants that it presented the prohibited degree of danger, even if they had attempted a formal survey of the [premises] for dangerous conditions."[72]

Under the *Seideneck* rubric, Garcia has failed to adduce any evidence that the merchandise-laden pallet posed an unreasonable risk of harm. In this case, the video evidence shows the entire history of the condition from its existence to the accident,[73] and eliminates any factual question in two critical respects. First, the pallet caused no injury prior to the accident. Second, and more critically, Garcia himself closely circumnavigated the pallet twice, and did so without incident.[74] Although Garcia fell when he walked backwards into the pallet, "[o]ne event of injury alone, without further evidence, does not demonstrate . . . an unreasonable risk of harm."[75] As noted by the *Taylor* Court, "[a] condition is not unreasonably dangerous, simply because it is not foolproof."[76] Additionally, Garcia does not allege, and the evidence does not show, that the pallet was defective or unusual.

Finally, the summary judgment evidence eliminates any fact issue that the construction and placement of the pallet would have served as a warning to Wal-Mart. Faced with a similar situation in *Knox v. Fiesta Mart, Inc.*,[77] a Texas Court of Appeals analyzed whether a pallet containing watermelons posed an unreasonable risk of harm. The *Knox* Court held that the plaintiff had presented no evidence "beyond the mere presence of the watermelon pallet in the vicinity of the entrance door to establish that the pallet posed an unreasonable risk of harm."[78]

---

[72] *Seideneck*, 451 S.W.2d at 754-55.
[73] The video shows a continuous view of the stocking pallet, from the time a Wal-Mart employee deposited the pallet at 9:44:18 p.m., through the time of incident at 10:50:58 p.m.
[74] Surveillance Video at 10:42:23 & 10:49:41.
[75] Spencer v. U.S., 463 Fed. Appx. 368, 371 (5th Cir. 2012) ("Nothing proves that the automated system was defective, that the door was unusual in any way, that anyone else had been injured by it, or even how heavy it was. Moreover, the affidavit mentions that there was another instance in which the automatic function had been disabled, but Spencer had not been injured.").
[76] *Taylor*, 222 S.W.3d at 408.
[77] 2011 WL 1587362 (Tex. App.—Hous. [1st Dist.] Apr. 21, 2011).
[78] *Knox*, 2011 WL 1587362 at * 7 (citing *Resendez*, 988 S.W.2d at 219; *Taylor*, 222 S.W.3d at 408).

Echoing the *Resendez* Court, the *Knox* Court held that "[t]he mere presence of the watermelon display at the entrance to the grocery store is no evidence that the manner of displaying the watermelons was unreasonably dangerous."[79] Here, the surveillance video shows that pallet was painted a dark blue, in stark contrast with the white floor; covered with boxes of merchandise, ranging in height from Garcia's calf to his buttocks; and located out of the walkways in the store. The video does not present evidence that the pallet was unreasonably dangerous, and indeed shows that it was not so; as a matter of law, the pallet was not a condition posing an unreasonable risk of harm.

Nevertheless, Garcia argues he has produced evidence that the pallet's condition would have put Wal-Mart on notice of the prohibited degree of danger; toward this end, Garcia argues that the pallet's condition violated Wal-Mart's policies and procedures, and further that the violation constitutes implicit evidence of both the unreasonable risk posed by the pallet, as well as Wal-Mart's knowledge of the risk.[80] However, as evidence of this violation, Garcia cites to evidence which pertains only to the removal of *empty* pallets as discarded packing material, a point acknowledged by Garcia and emphasized by Wal-Mart.

The distinction is not without consequence. In *University of Texas Pan-American v. Aguilar*,[81] a premises liability case, the Texas Supreme Court considered whether a safety manual constituted evidence of the risk posed by a water hose, as well as the defendant's actual knowledge thereof. Despite the manual "mentioning that flexible cords should not cross paths of travel," the *Aguilar* Court held that "nothing in the manual remotely suggests that a water hose can present an unreasonable risk of harm;"[82] the manual "did not identify this *specific* risk."[83]

---

[79] *Id.* (citing *Resendez*, 988 S.W.2d at 219).
[80] *Id.*
[81] 251 S.W.3d 511 (Tex. 2008) (per curiam).
[82] *Aguilar*, 251 S.W.3d at 514.

Moreover, the *Aguilar* Court noted that the safety manual pertained to indoor safety conditions, conditions which were categorically distinct from the outdoor safety conditions at issue.[84] The *Aguilar* Court reversed the lower court of appeals, holding that the manual was insufficient evidence to create a fact issue because it was "not relevant to the risk at issue."[85]

Like the manual before the *Aguilar* Court, the policies and procedures upon which Garcia relies are not relevant evidence of the risk at issue. There is no dispute that the pallet was laden with merchandise and, therefore, there is no dispute that the condition at issue was not the empty-pallet condition to which the policies and procedures apply. Additionally, as in *Aguilar*, the policies and procedures emphasize the distinction with a merchandise-laden pallet by categorically discussing discarded pallets, grouping such pallets with "shrink wrap, cardboard, and debris."[86] In light of these distinctions, highlighted by clear precedent from the Texas Supreme Court, the manual is not relevant evidence of an unreasonable risk and is insufficient to create a fact issue.

Nor does Garcia's position benefit from his apparent argument that it was foreseeable that the merchandise-laden pallet would eventually result in the empty-pallet condition described by the safety manual.[87] As the *Taylor* Court noted, "[o]rdinarily, an unreasonably dangerous condition for which a premises owner may be liable is *the condition at the time and place injury occurs*, not some antecedent situation that produced the condition."[88]

---

[83] *Id*. at 512 (emphasis added).
[84] *Id*. at 514 (noting that the manual "discusses indoor safety, under such headings as 'Working Surfaces,' 'Emergency Egress and Emergency Access,' 'Housekeeping and Storage,' 'Office Safety,' and 'Electrical Safety.' . . . keeping floors, corridors and means of egress clear . . . and makes no mention of outdoor safety precautions or the use of lawn maintenance equipment.").
[85] *Id*.
[86] Dkt. No. 17, Attach. 1 at p. 11.
[87] Response at pp. 13 & 14.
[88] *Taylor*, 222 S.W.3d at 407 (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 100-101 (Tex. 2000) (holding that eventual instability and deterioration of a platform unit did not render it a dangerous condition from the inception of its use)) (emphasis added).

      ii.  Evidence of "Something More"

The Court finds that Garcia has not adduced evidence that the stocking pallet was a greater danger than one would normally encounter with such pallets, or that Wal-Mart recognized any such danger. Consistent with the *Taylor* and *Resendez* decisions, the Court now turns to whether Garcia has shown evidence of the "something more" required to create liability. In his response, Garcia never directly addresses this requirement. However, Garcia does argue that an unreasonable risk of harm was comprised by the pallet's combination with "air-blown Christmas displays [which] were large and meant to catch the eye of customers."[89] However, this argument is unavailing because, if "displays meant to catch the eye of customers" satisfied the *Resendez* requirement, then such evidence could show that the entire store was unreasonably dangerous and would have led to an entirely different disposition in *Resendez* itself, which also concerned a grocery store which contained "displays meant to catch the eye of the customers."[90]

### D. Conclusion

In light of the above analysis, the Court concludes that the stocking pallet did not pose an unreasonable risk of harm as a matter of law. Additionally, Garcia has failed to offer evidence of "something more" that is a necessary condition for Wal-Mart's liability under Texas law. Finally, because summary judgment is warranted where a plaintiff has failed to support any essential element of his claim, the Court need not continue its analysis to Wal-Mart's second summary-judgment basis.

---

[89] Response at p. 11.
[90] *See also Taylor*, 222 S.W.3d at 408 (rejecting the plaintiff's argument that a lack of additional warning signs created an unreasonably dangerous condition because "similar evidence could be used to show that the entire grocery store was unreasonably dangerous.").

## V. Conclusion

For the foregoing reasons, the Court concludes that Garcia has failed to adduce evidence in support of an essential element of his claim, specifically the existence of an unreasonably dangerous condition. The Court **GRANTS** judgment in favor of Wal-Mart and **DISMISSES** the instant action. A separate final judgment will issue.

IT IS SO ORDERED.

DONE this 21st day of December, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE