UNITED STATES DISTRICT COURT      O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DANIEL GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. M-12-110 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

### ORDER

Pending before the Court is the self-styled "Motion to Reconsider the Defendant's Motion for Summary Judgment and Memorandum in Support Thereof"[1] ("Motion to Reconsider") filed by Plaintiff Daniel Garcia ("Garcia"). Defendant Wal-Mart Stores Texas, L.L.C. ("Wal-Mart") has filed a response in opposition ("Response").[2] After considering the motion, response, and relevant authorities, the Court **DENIES** the motion to reconsider.

### I. BACKGROUND

On February 8, 2012, Plaintiff Daniel Garcia ("Garcia") filed suit against Wal-Mart in state court alleging he tripped over a merchandise-stocking pallet while on the premises of a Wal-Mart store.[3] After removal, Wal-Mart filed a motion for summary judgment, asserting that summary judgment is appropriate because there is no genuine issue of material fact concerning Garcia's claims.[4] On December 21, 2012, the Court granted summary judgment in favor of Wal-

---

[1] Dkt. No. 28 ("Motion to Reconsider").
[2] Dkt. No. 30 ("Response").
[3] Dkt. No. 1, Attach. 1.
[4] Dkt. No. 10.

Mart, after which Garcia filed the instant motion to reconsider on January 17, 2013.[5] Shortly thereafter, Wal-Mart filed its response in opposition on January 25, 2013.[6]

## II. DISCUSSION

In the motion to reconsider, Garcia requests that the Court reverse its original ruling on the motion for summary judgment.[7] Garcia's sole ground for reconsideration is "additional evidence that was not in the Plaintiff's possession at the time the Motion for Summary Judgment was filed."[8] The Court now sets forth the analytical rubric for considering the motion's merits.

### A. Applicable Legal Standard

As an initial and essential matter, the Court notes that Garcia fails to properly base his request for relief in the Federal Rules of Civil Procedure, instead merely re-stating the standard for summary judgment under Federal Rule of Civil Procedure 56, which he apparently plucked, largely in copy-and-paste, verbatim form, from his response to the motion for summary judgment.[9] However, as Wal-Mart correctly emphasizes in its response, an alteration or amendment of a summary-judgment ruling requires a fundamentally different analysis than the underlying summary judgment itself.[10]

Instead of reconsideration *per se*, the Federal Rules of Civil Procedure provide for the requested relief under either Rule 59(e), as an alteration or amendment of a judgment, or Rule 60(b), as relief from judgment.[11] The distinction in application between the rules is determined by the timing of the motion's filing relative to the implicated order: Rule 59(e) applies to motions filed within 28 days of the ruling sought to be modified, and Rule 60(b) applies to later-

---

[5] *See* Dkt. No. 26 ("Summary-Judgment Order") *and* Motion to Reconsider.
[6] *See* Response.
[7] Motion to Reconsider at ¶ 7.
[8] *Id*.
[9] *Compare* Motion to Reconsider at pp. 6-8 *with* Dkt. No. 17 at pp. 5-8.
[10] *See* Response at ¶ 3.
[11] *See* Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 186–87 (5th Cir. 2012) (per curiam). *See also*, FED. R. CIV. P. 59 & 60.

filed motions.[12] The instant motion was filed on January 17, 2013, a date which falls within the 28-day period after the Court's summary judgment order of December 21, 2012.[13] Therefore, the Court will analyze the merits of the motion under Rule 59(e).

The purpose of a Rule-59(e) motion is to call into question the correctness of a judgment.[14] However, such motions are an "extraordinary" remedy, only to be granted sparingly, and are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[15] As such, the Court strictly construes the grounds for such relief, which only include: (1) manifest error of law or fact, or (2) newly discovered evidence.[16]

### B.  Application

As noted above, the only basis proffered by Garcia for the relief is additional evidence that was not in Plaintiff's possession "at the time *the motion for summary judgment was filed*."[17] However, the relevant time period for "newly discovered evidence" is not the *filing* of the motion for summary judgment, but instead the *issuance* of the order of summary judgment.[18]

As the evidentiary basis for his motion, Garcia provides the deposition testimony of Juan Zuniga and Brenda Olivarez.[19] However, as indicated on the deposition transcripts, this evidence was available to Garcia on October 19, 2012, fully 63 days prior to the Court's order granting summary judgment.[20] Garcia's failure to present the Court with evidence which was available

---

[12] Texas A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003).
[13] *Compare* Dkt. No. 26 (Order of Summary Judgment) *with* Motion to Reconsider.
[14] In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir.1989)).
[15] Templet v. HydroChem Inc., 367 F.3d 473, 367, 478-79 (5th Cir. 2004) (internal citations omitted).
[16] *See* Rosenblatt v. United Way of Greater Hous., 697 F.3d 413, 419 (5th Cir. 2010).
[17] *See* fn. 7, *supra*.
[18] Russ v. Int'l Paper Co., 943 F.2d 589, 593 (5th Cir. 1991) (rejecting reconsideration on "newly discovered evidence" that was available for presentation to the district court prior to the judgment).
[19] Motion to Reconsider, Attach. 3, Exhs. G (deposition of Juan Zuniga) & F (deposition of Brenda Olivarez.
[20] *Id*.

prior to summary judgment is not a valid, Rule-59(e) basis for reconsideration. The Court will not reconsider its ruling on the basis of evidence which could have, and should have, been presented prior to that ruling.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to reconsider. The Court's final judgment of January 17, 2013, remains unaltered.

IT IS SO ORDERED.

DONE this 15th day of March, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE